# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

THRIVENT FINANCIAL FOR )
LUTHERANS, )
 )
         Plaintiff, )
 )
v. ) Case No. 12-2720-CM
 )
BOTWIN FAMILY PARTNERS, L.P., et al., )
 )
         Defendants. )
 )

## MEMORANDUM AND ORDER

Plaintiff filed this lawsuit in state court seeking to enforce its rights under various promissory notes and guarantees. Defendants removed this case to federal court asserting federal question jurisdiction. This matter is before the court on plaintiff's motion to remand (Doc. 5). Plaintiff contends that this is a simple state-law contract dispute and no basis for removal exists on the face of the complaint. Because the court agrees with plaintiff, it grants plaintiff's motion in part and remands this case to state court.

**Factual Background**

Plaintiff filed its three-count complaint in Kansas state court on October 18, 2012. On November 13, 2012, defendants removed the case to this court asserting that this court has federal question jurisdiction over Count III and supplemental jurisdiction over the remaining counts. Count III alleges that defendants Douglas A. Alpert and Diane Botwin Alpert ("Guarantors") breached several guaranty agreements by failing to timely make payments that were due and owing. Each agreement was attached to plaintiff's complaint and incorporated by reference.

## **Analysis**

A defendant may remove a civil action from state court to federal court so long as "federal subject-matter jurisdiction would exist over the claim." *Hansen v. Harper Excavating, Inc.*, 641 F.3d 1216, 1220 (10th Cir. 2011). Although there are several bases giving rise to subject matter jurisdiction, only one—federal question jurisdiction—is relevant here. Under federal question jurisdiction, this court has subject matter jurisdiction over "civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

For a case to arise under federal law, the party invoking the federal court's jurisdiction must demonstrate "either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Firstenberg v. City of Santa Fe*, 696 F.3d 1018, 1023 (10th Cir. 2012) (internal citation and quotation omitted). This test, however, is limited by the doctrine known as the "well-pleaded complaint" rule. This rule limits the exercise of federal question jurisdiction to cases where the federal claim is present on the face of plaintiff's complaint. *Hansen*, 641 F.3d at 1220. Under this rule, the presence of a federal defense does not confer federal question jurisdiction. *Id.*

Defendants contend that federal question jurisdiction exists because the guarantees include provisions that purportedly waive defendant Douglas A. Alpert's right to bring a defense under the Equal Credit Opportunity Act ("ECOA") and Regulation B. Specifically, defendants assert the federal question is:

> [W]hether a lender may enforce provisions which waive the Guarantors' right to assert [plaintiff's] violation of the Equal Credit Opportunity Act and Regulation B as a defense to enforcement of the Guaranties which are contained in the very Guaranties executed in violation of the Equal Credit Opportunity Act and Regulation B.

(Doc. 8 at 1.)

The central problem with defendants' position is that the prospective waiver of a federal defense is not an element of Count III. In Count III, plaintiff asserts a breach of guaranty claim. The elements for a breach of guaranty claim include: (1) the existence of a guaranty agreement between the parties, (2) consideration, (3) the plaintiff's performance or willingness to perform its obligations under the guaranty agreement, (4) the defendant's breach of the guaranty agreement, and (5) damages. *Woodland Investor Member, LLC v. Soldier Creek, LLC*, No. 11-2013-JTM, 2012 U.S. Dist. LEXIS 71488, at *50 (D. Kan. May 23, 2012) (citing *Almena State Bank v. Enfield*, 954 P.2d 724 (Kan. Ct. App. 1998)). These elements confirm that plaintiff is not required to establish as part of its case-in-chief that defendant Douglas A. Alpert waived his right to assert a defense under the ECOA or Regulation B.[1]

In an effort to support its position, defendants heavily rely on the Supreme Court's opinion in *Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing*, 545 U.S. 308 (2005). In that case, the Internal Revenue Service ("IRS") seized Grable's property to satisfy a tax delinquency and subsequently sold the property to Darue. Grable brought a quiet-title action in state court against Darue arguing that the IRS gave Grable insufficient notice of the sale. The Supreme Court concluded that federal question jurisdiction existed because an essential element of Grable's claim was whether he was given adequate notice within the meaning of the federal tax statute.

The case before this court is much different. In *Grable*, the plaintiff's claim actually raised the federal issue within his right to relief. To prevail, Grable had to demonstrate his claim to title was superior. This required Grable to show that the notice he received was inadequate under federal law.

---

[1] The court notes that courts in this district are split on whether a violation of the ECOA is an affirmative defense that allows a guarantor to avoid obligations under the guaranty. *See Boyd v. U.S. Bank Nat'l Ass'n*, No.06-2115-KGS, 2007 U.S. Dist. LEXIS 72455, at *54–55 (D. Kan. Sept. 26, 2007) ("Even in the District of Kansas, courts have found both that 'the ECOA does not provide for the invalidation of a guaranty as a remedy for an ECOA violation' and that a party against whom the violation of ECOA has occurred can use the violation offensively to avoid their obligation on the debt.") (quoting *FDIC v. 32 Edwardsville, Inc.*, 873 F. Supp. 1474, 1480 (D. Kan. 1995)) (other citations omitted).

In this case, the elements of plaintiff's claim do not involve any aspect of federal law. Instead, the only aspect of this case that potentially involves federal law is a defense. And a federal defense cannot confer federal question jurisdiction. As such, this court lacks subject matter jurisdiction and must remand the case to state court.[2]

Plaintiff also requests its attorney's fees under 28 U.S.C. § 1447(c) because defendants lacked an objectively reasonable basis for removing this case. Although defendants' arguments were unpersuasive, they do not rise to the level of being objectively unreasonable. Therefore, the court declines to issue sanctions against defendants.

**IT IS THEREFORE ORDERED** that the Motion Of Thrivent Financial For Lutherans To Remand Pursuant To 28 U.S.C. § 1447(c) (Doc. 5) is granted in part. The court remands this case to the District Court of Johnson County, Kansas. The court declines to issue sanctions against defendants.

Dated this 5th day of March, 2013, at Kansas City, Kansas.

> s/ Carlos Murguia
> **CARLOS MURGUIA**
> United States District Judge

---

[2] In *Grable*, the Supreme Court noted that the federal issue was actually in dispute. This is another difference between *Grable* and the case before this court. The enforceability of the waiver will be actually in dispute only when defendants assert a defense under the ECOA or Regulation B and plaintiff counters that defense by asserting the waiver.